QUINCE, J.,
concurring in part and dissenting in part.
I concur with my colleagues that Knight is not entitled to relief on the majority of his claims, however, I cannot agree with the majority’s conclusion that the Hurst error in this case is harmless beyond a reasonable doubt. Because I would find that the Hurst error in this case requires a new penalty phase, I dissent.
I agree with Senior Justice Perry’s statement that “[t]he majority’s reweighing of the evidence ... to support its conclusion” contravenes our decision in Hurst v. State, 202 So.3d at 49, and is the conduct the United States Supreme Court reproached in Hurst v. Florida, 136 S.Ct. at 622.
Here, although the jury unanimously recommended a death sentence, we cannot know that the jury found each aggravating factor unanimously. Because one of the aggravators found by the trial court for each murder in this case—that the murder was especially heinous, atrocious or cruel—requires specific factual findings, Hurst requires that the jury, not the trial judge, make that determination. The jury made no such determination in Knight’s case. Accordingly, I would vacate Knight’s death sentence and remand for resentencing. See Hurst, 202 So.3d at 69.
PERRY, Senior Justice, concurs.